UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHEET METAL WORKERS' NATIONAL PENSION FUND; NATIONAL ENERGY MANAGEMENT INSTITUTE COMMITTEE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY; SHEET METAL OCCUPATIONAL HEALTH INSTITUTE TRUST; INTERNATIONAL TRAINING INSTITUTE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY; and NATIONAL STABILIZATION AGREEMENT OF THE SHEET METAL INDUSTRY FUND,

                              Plaintiffs,

      -against-

RHB INSTALLATIONS, INC., and RAYMOND MARTIN, as an individual,

                              Defendants.
------------------------------------------------------------x

CV 08-2706 (JFB)(ETB)

REPORT AND RECOMMENDATION

TO THE HONORABLE JOSEPH F. BIANCO, UNITED STATES DISTRICT JUDGE:

The Plaintiffs, five employee benefits funds ("Plaintiffs" or "the Funds"), bring this ERISA action against Defendants, RHB Installations, Inc. ("RHB") and Raymond Martin ("Martin") (collectively referred to as "Defendants"), the owner of RHB, seeking to recover unpaid employee benefit contributions, interest, liquidated damages, late fees and reasonable attorney's fees and costs that Defendants were obligated to pay under the terms of their collective bargaining agreement ("the Agreement").

BACKGROUND

On December 12, 2008, Judge Bianco issued a default judgment against Defendants, RHB and Martin, and in favor of the Plaintiffs. At the same time, Judge Bianco referred this action to the undersigned for a Report and Recommendation with respect to the amount of damages sustained by Plaintiffs, including reasonable attorney's fees. A hearing on damages was held before the undersigned on March 26, 2009. Defendants did not appear at the inquest.

After a default judgment has been entered, "the court accepts as true all the facts in the complaint except those relating to damages, which must be supported by independent evidence." Fed. Deposit Ins. Corp. v. Persaud, No. 90-4409, 1997 WL 139010, at *4 (E.D.N.Y. Mar. 5, 1997). To determine the relief that should be granted, the Court has examined ERISA, the Agreement between the parties, Plaintiffs' Statement of Damages, the evidence submitted at the hearing and supplemental information received from the Plaintiffs after the hearing.

DISCUSSION

A.  ERISA

ERISA requires every employer who enters into a collective bargaining agreement to make those contributions "in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Thus, in deciding upon damages in a case under ERISA, the Court must look to the agreement between the parties. To ensure that employers will make their contributions in a timely manner, Section 1132(g)(2) of ERISA provides for additional monies to be paid by delinquent employers. See 29 U.S.C. § 1132(g)(2); Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, 68 F.3d 1502, 1506 (2d Cir. 1995). Section 1132(g)(2) of

ERISA provides, in pertinent part, that:

> In any action . . . by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan - (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of - (i) interest of the unpaid contributions, or (ii) liquidated damages provided under the plain not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant.

29 U.S.C. § 1132(g)(2).

B.  <u>The Inquest</u>

At the inquest hearing, the Plaintiffs offered the following documents into evidence: (1) the collective bargaining agreement between RHB and the Sheet Metal Workers' International Association, (Pl. Ex. A); (2) remittance reports submitted by RHB for the period December 1, 2007 to May 31, 2008 containing the hours worked each week by RHB's employees, (Pl. Ex. B); (3) "rate sheets" created by the Funds, indicating the individual employee contribution rates that each employer is liable for, per Fund, (Pl. Ex. C); (4) "Schedule[s] of Past Contributions," demonstrating the amount of contributions that were due from RHB for the relevant periods of time, (Pl. Ex. D); (5) a "Summary of Past Contributions," indicating the total contributions owed by RHB, (Pl. Ex. E); (6) a "Final Summary," demonstrating the total amount of monies owed by RHB to the Funds, including interest, late fees and liquidated damages. (Pl. Ex. F). Plaintiff also submitted the Amended and Restated Agreements and Declarations of Trust for each individual Fund (the "Trust Documents"), which provide the methods and rates for calculating interest, liquidated damages and late fees for each Fund for which delinquent contributions are

owed. (Pl. Ex. G-K.)

Plaintiffs were given leave to supplement their damages - specifically, with respect to any additional interest and attorney's fees incurred subsequent to the inquest hearing. Such information was received by the Court on June 4, 2009. (Pl. Statement of Damages and Attorney's Fees, dated June 4, 2009.)

1. The Collective Bargaining Agreement and Trust Documents

Pursuant to the Agreement between the parties, RHB is obligated to file monthly employment reports and make contributions to the Funds in accordance with the terms of the Agreement. (Pl. Ex. A Art. XII.) The Agreement sets forth the hourly rates at which RHB must contribute to each Fund. (Pl. Ex. A. Art. XII §§ 1-6.) The Agreement, as well as the Trust Documents of each Fund, prescribe penalties for nonpayment of the required contributions, as follows: (1) the principal amount of delinquent contributions, (Pl. Ex. G Art. V, § 4(c); Ex. H Art. VII, § 8(a); Ex. I, Art. V, § 5.5(b); Ex. J Art. V, § 5.2, Ex. K, Art. V, § 4(b)); (2) interest at a rate to be determined by the trustees,[1] (Pl. Ex. G Art. V, § 4(c), Ex. H Art. VII, §8 (b), Ex. I Art. V, § 5.5(b), Ex. J Art. V, § 5.2, Ex. K Art. V, § 4(b)); (3) liquidated damages equal to twenty percent (20%) of the delinquent contributions, (Pl. Ex. G Art. V, § 4(c), Ex. H Art. VII, § 8(c), Ex. I, Art. V, § 5.5(b), Ex. J Art. V, § 5.2, Ex. K Art. V, § 4(b)); (4) late fees at the rate of ten percent (10%) for each instance in which a payment is not received on time, (Pl. Ex. A Art. XII, § 15); and, (5) reasonable attorney's fees and costs. (Pl. Ex. G Art. V, § 4(d), Ex. H Art. VII, § 8(e), Ex. I Art. V, § 5.5(b), Ex. J Art. V, § 5.2, Ex. K Art. V, § 4(b).)

---

[1] In the present case, interest is sought at the rate of 8.5% per annum for the delinquent time period of December 1, 2007 to May 31, 2009. (Pl. Statement of Damages, 4.)

2. Testimony

Walter Shaw ("Shaw"), the manager of the Sheet Metal Workers' National Pension Fund's Billing Department, which oversees the collection of contributions for all of the Funds, testified that for the period December 1, 2007 to May 31, 2008, RHB was delinquent in its contributions to the funds in the amount of $13,910.68.[2] (Tr. 7-8, 17.) Plaintiffs seek interest on the unpaid contributions at a rate of 8.5% and liquidated damages at a rate of twenty percent (20%), as specified in the Trust Documentss. (Tr. 19.) Plaintiffs also seek late fees at a rate of ten percent (10%), as set forth in the Agreement. (Tr. 20.) Shaw testified that late fees are imposed when employment reports, which are due on the twentieth (20th) of each month, are received after the twenty-fifth (25th) day of the month, allowing for a five (5) day grace period. (Tr. 20.) Finally, Plaintiffs seek their reasonable attorney's fees and costs, as provided for in ERISA and the Trust Documents. (Tr. 20.)

C. Delinquent Contributions

The Court finds the amount of delinquent contributions for the period December 1, 2007 to May 31, 2008 to be $13,910.68. This amount reflects unpaid contributions owed to the individual Funds as follows: (1) $10,611.84 to the Sheet Metal Workers' National Pension Fund; (2) $53.49 to the National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry; (3) $35.64 to the Sheet Metal Occupational Health Institute Trust; (4) $213.84 to the International Training Institute for the Sheet Metal and Air Conditioning

---

[2] This amount represents contributions due for 2,205 regular hours and twenty-four (24) time and one-half hours. (Pl. Statement of Damages 8.)

Industry; and, (5) $2,995.87 to the National Stabilization Agreement of the Sheet Metal Industry Fund. (Pl. Statement of Damages 1; Pl. Ex. F.)

D. <u>Interest on Unpaid Contributions</u>

Plaintiffs seek interest from the date the contributions were due to each Fund through May 31, 2009. Pursuant to the Agreement and Trust Documents, the interest due on the delinquent contributions, calculated at 8.5% per annum for the period December 2007 through May 31, 2009, is $1,494.00. (Pl. Statement of Damages 4, 8; Pl. Ex. F.)

E. <u>Liquidated Damages</u>

The Agreement and the Trust Documents, as well as ERISA, provide that the Plaintiffs are entitled to liquidated damages in the amount of twenty percent (20%) of the unpaid contributions. This amounts to $2,782.14 in liquidated damages.[3] (Pl. Statement of Damages 5, 8; Pl. Ex. F.)

F. <u>Late Fees</u>

Late fees due and owing for the period August 2007 through November 2007 amount to $579.40. (Pl. Statement of Damages, 8; Pl. Ex. F.)

---

[3] I note that Plaintiffs' Statement of Damages requests $2,781.91 in liquidated damages. This appears to be a miscalculation on Plaintiffs' part. When calculated by the Court, twenty percent (20%) of the unpaid contributions ($13,910.68) amounts to $2,782.14.

G.  Attorney's Fees

Attorney's fees should be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 172 (2d Cir. 1998).  Here Plaintiffs' counsel provided records of the date, time spent, and the nature of the work performed by each person who worked on the case.  The Court has reviewed these statements and finds the time spent and the fees charged to be reasonable.  The Court recommends that attorney's fees of $5,000.00, the amount requested, be awarded. (Pl. Statement of Damages, 5-7.)

H.  Costs

The Plaintiffs submitted a list of the expenses incurred in connection with this action, which includes the filing fee of $350, service costs of $165 and a cost of $112.46 in obtaining the transcript of the inquest, all of which are found to be reasonable expenditures in this action. According, the Court recommends that Plaintiffs be granted costs in the amount of $627.46. (Pl. Statement of Damages 7.)

RECOMMENDATION

For the foregoing reasons, and based on the evidence submitted, the undersigned recommends that Plaintiffs be awarded damages as follows: (1) delinquent contributions of $13,910.68; (2) interest totaling $1,494.00; (3) liquidated damages in the amount $2,782.14; (4) late fees amounting to $579.40; (5) attorney's fees of $5,000.00; and, (6) costs in the amount of $627.46, for a total monetary award of $24,393.68.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), and 72(b); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822 (1994); Frank v. Johnson, 968 F.2d 298 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of Health and Human Servs. 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Plaintiffs' counsel is directed to serve a copy of this report on all parties upon receipt.


**SO ORDERED:**

Dated: Central Islip, New York
June 19, 2009

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge