UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------X
                                    :
SHEET METAL WORKERS' NATIONAL       :
PENSION FUND; NATIONAL ENERGY       :
MANAGEMENT INSTITUTE COMMITTEE      :
FOR THE SHEET METAL AND AIR         :
CONDITIONING INDUSTRY; SHEET METAL  :
OCCUPATIONAL HEALTH INSTITUTE       :
TRUST; INTERNATIONAL TRAINING       :
INSTITUTE FOR THE SHEET METAL AND   :
AIR CONDITIONING INDUSTRY; and      :
NATIONAL STABILIZATION AGREEMENT OF :
THE SHEET METAL INDUSTRY FUND,      :
                                    :        **ORDER ADOPTING REPORT**
            Plaintiffs,             :        **AND RECOMMENDATION**
                                    :        08-CV-2706 (JFB) (ETB)
                – against –         :
                                    :
RHB INSTALLATIONS INC., and RAYMOND :
MARTIN, as an individual,           :
                                    :
            Defendants.             :
                                    :
-----------------------------------X

JOSEPH F. BIANCO, District Judge:

On July 7, 2008, plaintiffs filed a complaint in this action. On October 29, 2008, plaintiffs

requested that the Clerk of the Court note the default of the defendants and moved this Court to enter

a default judgment. On November 7, 2008, the Clerk of the Court noted defendants' default. By

Order dated December 12, 2008, the Court granted plaintiffs' motion for default judgment against

defendants and referred the calculation of damages to Magistrate Judge E. Thomas Boyle for a report

and recommendation.

To obtain damages related to a default judgment, "a plaintiff must present admissible

evidentiary proof of his alleged damages, unless the claimed amount is liquidated or susceptible to

mathematical calculation." *In re Suprema Specialties, Inc.*, 330 B.R. 40, 54-55 (S.D.N.Y. 2005) (citing *SEC v. Mgmt. Dynamics*, 515 F.2d 801, 814 (2d Cir. 1975) ("[U]nless the amount of damages are absolutely certain, the court is required to make an independent determination of the sum to be awarded.")). Rule 55(b)(2) permits a court to conduct a hearing "as it deems necessary and proper" to calculate damages, "vesting considerable discretion in the court to establish the procedures appropriate to the particular case." *Id.* at 55. However, a hearing is not necessary "as long as [the court] ensure[s] that there [is] a basis for the damages specified in a default judgment." *Fustok v. ContiCommodity Servs.*, Inc., 873 F.2d 38, 40 (2d Cir. 1989).

Pursuant to these guidelines, on March 26, 2009, Magistrate Judge Boyle held a hearing on damages, at which defendants did not appear and, on June 19, 2009, a Report and Recommendation ("R&R") was issued recommending that plaintiffs be awarded a total award of $24,393.68. The R&R states that "[a]ny objections to this Report and Recommendation must be filed with the Clerk of the Court . . . within ten (10) days of the date of this report," and that "[f]ailure to file objections within ten (10) days will preclude further appellate review of the District Court's order." (Report and Recommendation, at 8.) To date, although the deadline for objections has expired, no objections have been filed.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, Fed. R. Civ. P. 72(b), the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

Having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, the Court adopts the findings and recommendations contained in the R&R in their entirety. Accordingly,

IT IS HEREBY ORDERED that a judgment by default is entered in favor of plaintiffs Sheet Metal Workers' National Pension Fund, National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry, Sheet Metal Occupational Health Institute Trust, International Training Institute for the Sheet Metal and Air Conditioning Industry, and National Stabilization Agreement of the Sheet Metal Industry Fund as against defendants RHB Installations, Inc. and Raymond Martin in the total amount of $24,393.68, representing (1) delinquent contributions totaling $13,910.68, for amounts due to each plaintiff as set forth in the R&R, (2) interest totaling $1,494.00, (3) liquidated damages in the amount of $2,782.14, (4) late fees of $579.40, (5) attorney's fees of $5,000.00, and (6) costs in the amount of $627.46.

IT IS FURTHER ORDERED that the Clerk of the Court enter judgment accordingly and close this case.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:     August 17, 2009
           Central Islip, New York